107 F.3d 922
 323 U.S.App.D.C. 289, Medicare & Medicaid Guide P 44,780
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
HARMARVILLE REHABILITATION CENTER, INC., Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 95-5318.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 01, 1996.
 
 Before WALD, GINSBURG, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal, having been briefed and argued, warrants only an abbreviated disposition pursuant to D.C.Cir.R. 36(b). The appeal concerns the Secretary's final decision denying Harmarville's request for an adjustment to or an exception from the ceiling on the rate of increase in its fiscal year ("FY") 1984 Medicare payment established under the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"). The district court affirmed the Secretary's final decision, and we in turn affirm the district court's order.
 
 
 2
 Harmarville claims it is entitled to either the adjustment or the exception because Blue Cross of Western Pennsylvania changed its Medigap coverage midway through Harmarville's base year. Under 42 C.F.R. § 405.463(h), the "adjustment" provision, adjustments "may" be granted "to take into account factors which could result in a significant distortion in the operating costs of inpatient hospital services." Section 405.463(g)(2) of the regulations allows exceptions to the TEFRA limits in particular years if a hospital "can show that it incurred unusual costs (in either a cost reporting period subject to the ceiling or the hospital's base period) due to extraordinary circumstances beyond its control."[1] The Secretary denied Harmarville's adjustment request because Harmarville failed to demonstrate any causal link between the Medigap coverage change and Harmarville's FY 1984 costs, and in any event, the Medigap change did not produce a "significant distortion" in operating costs within the meaning of § 405.463(h)(1)(i). The Secretary also denied Harmarville's exception request because it did not show that the Medigap change "is linked to, or caused, [Harmarville's] excess costs in the following fiscal year," nor did the Medigap change qualify as an "extraordinary circumstance" under § 405.463(g)(2).
 
 
 3
 The Secretary's decision is neither arbitrary nor capricious, and it is supported by substantial evidence in the administrative record. See Marymount Hosp., Inc. v. Shalala, 19 F.3d 658, 661 (D.C.Cir.1994). The regulations require that in order to grant an adjustment to or an exception from a provider's TEFRA ceiling, a hospital must at a minimum demonstrate that the factor claimed in its request caused it to exceed its ceiling. Harmarville failed to meet its burden of proof regarding causation. As the district court pointed out, "at least some of the evidence in the record calls into question the Plaintiff's assumption that its Medicare costs have actually increased as a result of the Medigap coverage change," and "inefficiency may have caused whatever increase in costs the Plaintiff suffered." Quite simply, Harmarville has not shown any causal nexus between its excess costs and the Medigap change. It has provided only FY 1983 numbers, showing the costs Blue Cross absorbed in the first half of Harmarville's base year which would have been classified as Medicare costs had the Medigap policy change been in effect at the beginning of Harmarville's base year. It has not provided any FY 1984 data demonstrating that the Medigap policy change affected FY 1984 costs. The Secretary acted reasonably in not presuming causation, as Harmarville requests, by using extrapolated FY 1983 numbers to conclude that the Medigap change caused an increase in FY 1984 costs.
 
 
 4
 The Secretary also reasonably concluded that even if Harmarville had demonstrated causation, it would not be entitled to an adjustment or an exception because the Medigap change neither produced a "significant distortion" in operating costs nor constituted an "extraordinary circumstance" under the regulations. Therefore it is
 
 
 5
 ORDERED AND ADJUDGED, by the court, that the judgment of the district court is hereby affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 41.
 
 
 
 [1]
 These regulations are now consolidated into 42 C.F.R. § 413.40(g)